**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.                                                                          No. 98-4113

DARRYL LEE BOSWELL,
Defendant-Appellant.

Appeal from the United States District Court
for the Middle District of North Carolina, at Durham.
William L. Osteen, Sr., District Judge.
(CR-97-185)

Submitted: October 30, 1998

Decided: December 2, 1998

Before WIDENER and WILKINS, Circuit Judges, and
PHILLIPS, Senior Circuit Judge.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

Louis C. Allen, III, Federal Public Defender, Eric David Placke,
Assistant Federal Public Defender, Greensboro, North Carolina, for
Appellant. Walter C. Holton, Jr., United States Attorney, Sandra J.
Hairston, Assistant United States Attorney, Angela H. Miller, Assis-
tant United States Attorney, Greensboro, North Carolina, for Appel-
lee.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

Darryl Lee Boswell was convicted of four counts of distribution of cocaine hydrochloride in violation of 21 U.S.C.§ 841(a)(1) (1994). He appeals his sentence, contending that the court erred in imposing a two-level enhancement in offense level under U.S. Sentencing Guidelines Manual § 2D1.1(b)(1) (1997)* for possession of a firearm. Finding no reversible error, we affirm.

On four separate occasions, Randy Johnson, a Government informant, purchased cocaine from Boswell at Boswell's home. On two of those occasions, Johnson observed Boswell retrieve the cocaine from Boswell's upstairs bedroom. Subsequently, Boswell was arrested and police officers searched his home. In Boswell's upstairs bedroom, police officers seized a .9mm semi-automatic pistol.

At sentencing, Boswell objected to the two-level enhancement under USSG § 2D1.1(b)(1). The court stated that:

> I would find from this evidence that by everybody's testimony the gun was in the house at the time that the Johnson sale on the 28th took place. There is testimony, as to the activities that took place, earlier than that. There is testimony of the drug residue in and about the house. And the gun was found in the bedroom in a drawer on August the 22nd.
>
> The question then comes to the Court to say is it improbable that the gun was used in connection with the drug activities. The Court finds from this evidence that it is not improbable

_____

*Under USSG § 2D1.1(b)(1), the court may impose a two-level enhancement in offense level for possessing a dangerous weapon.

2

that it was used in connection with the drug activities; and for that reason, finds that the enhancement is appropriate.

(J.A. at 123-24).

We review the trial court's decision to enhance the offense level under § 2D1.1(b)(1) for clear error. See United States v. Harris, 128 F.3d 850, 852 (4th Cir. 1997). The enhancement "should be applied if the weapon was present, unless it is clearly improbable that the weapon was connected with the offense." USSG§ 2D1.1, comment. (n.3).

The proximity of narcotics to the weapon is sufficient to warrant an enhancement under this subsection. See Harris , 128 F.3d at 852. It is not required that there be proof of concurrent acts, such as active employment of the weapon during a drug transaction, in order to sustain the enhancement. See United States v. Johnson, 943 F.2d 383, 386 (4th Cir. 1991) (per curiam). Nor is it required that the weapon be in plain view. See, e.g., United States v. Hunter, 19 F.3d 895, 896 (4th Cir. 1994) (handgun hidden under front seat of car). Mere possession of the weapon during the commission of the offense is all that is needed. Id.

It is undisputed that a handgun was found in a room in Boswell's home. There is also evidence that Boswell stored and distributed cocaine from the same room. The court's finding that Boswell's gun was present during at least one of the illegal transactions is not clearly erroneous. Thus, we find no reason to disturb the court's finding that it was not improbable that the weapon was connected with the offense.

We therefore affirm Boswell's sentence. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED

3